Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Seby; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Midland Funding LLC; and Midland Credit Management, Inc.; | |
| Defendants. | (Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue

lies in the Tucson Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III.  PARTIES

3. Plaintiff resides in Pima County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Midland Funding LLC ("Midland") is a foreign limited liability company.
7. Midland collects or attempts to collect debts which it claims to have purchased or been assigned after default.
8. Midland is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9. Defendant Midland Credit Management, Inc. ("MCM") is a Kansas corporation registered to do business within the state of Arizona.
10. MCM is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905285.
11. MCM collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or been assigned after default.
12. MCM is a "debt collector" as that term is defined by FDCPA § 1692a(6).
13. At all times relevant herein, MCM was acting in concert with, on behalf of, and / or as agent for Midland.

## IV.  Factual Allegations

14. Defendants have been reporting derogatory and inaccurate statements

|   |     |   |
|---|-----|---|
| 1 |     | and information concerning Plaintiff to third parties for an unknown |
| 2 |     | period of time, including reporting this information to one or more of |
| 3 |     | the three national consumer reporting agencies, including Equifax, |
| 4 |     | Trans Union, and / or Experian. |
| 5 | 15. | This inaccurate information negatively reflects upon Plaintiff, and |
| 6 |     | consists of statements which cannot be attributed to Plaintiff, or which |
| 7 |     | misrepresent Plaintiff's credit history. |
| 8 | 16. | In or about 2006, Plaintiff opened an credit account with Household |
| 9 |     | Finance. |
| 10 | 17. | In 2009, Plaintiff stopped making monthly payments on the account, |
| 11 |     | and the account went into default. |
| 12 | 18. | At the time Household charged off the account, there was an alleged |
| 13 |     | balance owing of $7,115.10. |
| 14 | 19. | Subsequent to default, Household allegedly sold the account to Asset |
| 15 |     | Acceptance, LLC. |
| 16 | 20. | Sometime thereafter, Asset Acceptance allegedly sold the Household |
| 17 |     | account to Midland. |
| 18 | 21. | After the latest alleged sale, Midland assigned the account to MCM for |
| 19 |     | collection purposes. |
| 20 | 22. | On August 15, 2015, Midland sued Plaintiff in the Pima County Justice |
| 21 |     | Court to collect the Household debt allegedly owed to Midland. |
| 22 | 23. | In the justice court complaint, Midland claims that the amount charged |
| 23 |     | off on the Household account was $7,115.60, and the current balance |
| 24 |     | owed on the account is $6,915.10. |
| 25 | 24. | On or about September 21, 2015, Plaintiff filed his answer in the Pima |

      Justice Court disputing the alleged debt Midland was attempting to collect.

25. On October 2, 2015, Midland served its disclosure statement in the justice court action attaching certain documents including a print out of the "Field Data" it claims to have received from Asset Acceptance.

26. The Field Data printout shows that Midland is claiming a balance owed of $8,166.32.

27. On November 12, 2015, Plaintiff obtained a copy of his credit report from all three national consumer reporting agencies, Experian, Trans Union and Equifax.

28. Upon review, Plaintiff learned that the Experian report reflected a Midland tradeline wherein Midland was reporting the account with a balance owing of $8,166.00 and a "Past Due" amount of $8,166.00, updated as recently as October 2015.

29. Nowhere in the Experian report does it reflect that Midland notified Experian that Plaintiff disputes the alleged debt.

30. Upon information and belief, when Midland reported the alleged debt to Experian in October 2015, it did not notify Experian that Plaintiff disputed the debt.

31. The Trans Union also report reflected a Midland tradeline wherein Midland was reporting the account with a balance owing of $8,166.00.

32. The Equifax report likewise reflected a Midland tradeline wherein Midland was reporting the account with a balance owing of $8,166.00 and a "Past Due" amount of $8,166.00, reported as recently as October 2015.

33. Nowhere in the Equifax report does it reflect that Midland notified Equifax that Plaintiff disputes the alleged debt.
34. Upon information and belief, when Midland reported the alleged debt to Equifax in October 2015, it did not notify Equifax that Plaintiff disputed the debt.
35. In March, Midland's counsel sent Plaintiff's counsel a letter on behalf of Midland dated March 8, 2016 stating that the balance owed to Midland was now $7,093.50, including "Post Charge-Off Fees Accrued" of $178.40.
36. One or more of Midland's claims of amounts due and owing on the alleged Household Debt cannot be accurate.
37. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, and emotional distress.

## V. CAUSES OF ACTION

### a. FIRST CLAIM FOR RELIEF

**(Violation of FDCPA)**

38. Plaintiff incorporates by reference paragraphs 1 though 37.
39. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).
40. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a)   Actual damages to be determined by the jury;

b)   Statutory damages to be determined by the jury;

c)   Attorney's fees;

d)   Costs and expenses incurred in this action; and

e)   Such other relief as may be just and proper.

DATED  August 9, 2016 .

      s/ Floyd W. Bybee
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff